UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ANDREW TAPIA,<br><br>        Plaintiff,<br><br>    v.<br><br>B. CURTICE, et al.,<br><br>        Defendant(s). | Case No. 1:20-cv-01790-NONE-EPG (PC)<br><br>ORDER REQUIRING PARTIES TO EXCHANGE DOCUMENTS |

Brian Tapia ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On July 27, 2021, the Court issued an order requiring the parties to file scheduling and discovery statements. (ECF No. 25). The parties have now filed their statements. (ECF Nos. 26 & 27).[1]

The Court has reviewed this case and the parties' statements. In an effort to secure the just, speedy, and inexpensive disposition of this action,[2] the Court will direct that certain

---

[1] In his statement, Plaintiff states that he is proceeding on "the same claim, as the original claim [he] filed with the court. But the Amended version, that corrected the error." (ECF No. 26, p. 1). However, as Plaintiff's lodged First Amended Complaint did not address or cure any of the defects identified in the screening findings and recommendations, District Judge Dale A. Drozd denied leave to amend as futile. (ECF No. 16, p. 2). Thus, this case continues to proceed on Plaintiff's original complaint. If Plaintiff believes that the factual allegations in his original complaint contain material error(s), Plaintiff should file a motion for leave to amend, along with a proposed amended complaint, solely to cure these factual error(s). In the motion, Plaintiff should explain which factual allegations he is amending.

[2] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are

documents that are central to the dispute be promptly produced.[3]

Accordingly, IT IS ORDERED that:

1. Each party has sixty days from the date of service of this order to serve opposing parties, or their counsel, if represented, with copies of the following documents and/or evidence that they have in their possession, custody, or control, to the extent the parties have not already done so:[4]

    a. Plaintiff's administrative appeals, including 602s, Form 22s, and responses from the appeals office.

    b. Witness statements and evidence that were generated from investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s).  This includes the Incident Report Package dated 2/2/2020, incident log number 01630; the Appeal Inquiry with log number VSP-C-20-00597; and the Appeal Inquiry with log number VSP-C-20-00811.[5]

    c. Unit Log Book for Building C4 – Correctional officers' handwritten logbook entries identifying chronological events from 2/2/20.

---

identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

[3] Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request.").

[4] Defense counsel is requested to obtain these documents from Plaintiff's institution(s) of confinement.  If defense counsel is unable to do so, defense counsel should inform Plaintiff that a third party subpoena is required.

[5] *See Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court.  When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

Defendants contend that the Appeal Inquiry with log number VSP-C-20-00597 and the Appeal Inquiry with log number VSP-C-20-00811 are confidential and that they do not intend to use them at trial.  As discussed in this order, Defendants may object instead of providing the documents and the Court will address the objections if Plaintiff files a response.

The Court notes that Defendants only need to produce documents such as a Confidential Appeal Inquiry or a Use of Force Critique to the extent those documents contain witness statements related to the incident(s) alleged in the complaint and/or evidence related to the incident(s) alleged in the complaint that will not be provided to Plaintiff separately.

      d. All of Plaintiff's medical records related to the incident at issue in the case, including the Medical Progress Notes for Plaintiff dated 2/2/20, 2/3/20, 2/26/20, and the CDCR Form 7219, Medical Report of Injury or Unusual Occurrence related to plaintiff, dated 2/2/2020. Additionally, Defendants shall produce the CDCR Form 7219, Medical Report of Injury or Unusual Occurrence related to Inmate B, dated 2/2/2020 and the CDCR Form 128-C, Mental Health Chrono re Inmate B, dated 2/2/2020.[6]

      e. Video recordings and photographs related to the incident(s) at issue in the complaint, including video recordings and photographs of Plaintiff taken following the incident(s).[7]

2. If any party obtains documents and/or other evidence described above later in the case from a third party, that party shall provide all other parties with copies of the documents and/or evidence within thirty days.

3. Parties do not need to produce documents or evidence that they have already produced.

4. Parties do not need to produce documents or evidence that were provided to them by the opposing party.

5. Parties may object to producing any of the above-listed documents and/or

---

[6] Defendants only need to produce the CDCR Form 7219, Medical Report of Injury or Unusual Occurrence related to Inmate B, dated 2/2/2020 and the CDCR Form 128-C, Mental Health Chrono re Inmate B, dated 2/2/2020, only to the extent Defendants intend to use these documents in the case. Prior to providing these documents to Plaintiff, Defendants shall comply with any applicable rules regarding privacy over medical records, including providing any required notice and seeking a protective order, if necessary. If Defendants need additional time to comply with applicable discovery rules and privacy laws, Defendants may file a motion for an extension of the sixty-day deadline.

[7] Defendants assert that "[s]ome of these recordings or portions of these recordings may be protected from disclosure to the extent they contain sensitive or private information regarding other inmates, information that implicates safety and security, or information that is protected by the Official Information Privilege." (ECF No. 27, p. 5). As discussed in this order, instead of providing the recordings Defendants may file an objection, and which the Court will address as necessary.

To the extent that the video recording(s) are produced to Plaintiff, if Plaintiff is not allowed possess, or is unable to play, video recording(s), defense counsel shall work with staff at Plaintiff's institution of confinement to ensure that Plaintiff is able to view the video recording(s).

evidence. Objections shall be filed with the Court and served on all other parties within sixty days from the date of service of this order (or within thirty days of receiving additional documents and/or evidence). The objection should include the basis for not providing the documents and/or evidence. If Defendant(s) object based on the official information privilege, Defendant(s) shall follow the procedures described in the Court's scheduling order. If a party files an objection, all other parties have fourteen days from the date the objection is filed to file a response. If any party files a response to an objection, the Court will issue a ruling on the objection.

IT IS SO ORDERED.

Dated: **September 7, 2021**        /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE