UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ANDREW TAPIA,<br><br>  Plaintiff,<br><br>  v.<br><br>B. CURTICE, et al.,<br><br>  Defendants. | Case No. 1:20-cv-01790-NONE-EPG (PC)<br><br>ORDER DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE AND CLOSE THE CASE<br><br>(ECF Nos. 37 & 40) |

On December 1, 2021, Plaintiff filed what the Court construes as a notice of voluntary dismissal. (ECF No. 37).[1] As Defendants have appeared (ECF No. 28), Plaintiff cannot dismiss this case via a notice. Instead, Defendants must stipulate to the dismissal. Fed. R. Civ. P. 41(a)(1)(A)(ii). Accordingly, the Court gave Defendants seven days to file a response indicating whether they stipulate to dismissal. (ECF No. 38). The Court noted that, if Defendants stipulate to dismissal, the Court will treat the signed filings as a stipulation of dismissal and dismiss this action. (Id. at 1-2).

On December 10, 2021, Defendants "stipulate[d] and agree[d] to plaintiff's voluntary dismissal of this action (ECF No. 37), pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and the ORDER

---

[1] Plaintiff also asked the Court for a copy of his complaint. The Court already granted this request. (ECF No. 38).

1

DIRECTING DEFENDANTS TO FILE RESPONSE TO NOTICE OF DISMISSAL (ECF No. 38), with each party to bear their own costs and fees."  (ECF No. 40, p. 1).

    In light of the parties' stipulation (ECF Nos. 37 & 40), this action has been terminated, Fed. R. Civ. P. 41(a)(1)(A)(ii), and has been dismissed[2] without an award of costs or attorneys' fees. Accordingly, the Clerk of Court is DIRECTED to assign a district judge to this case for the purpose of closing the case and then to CLOSE THIS CASE.

IT IS SO ORDERED.

Dated:  **December 13, 2021**               /s/ Eric P. Grosjean
                                                        UNITED STATES MAGISTRATE JUDGE

---

[2] The dismissal is without prejudice, unless Plaintiff previously dismissed a federal or state court action that is based on, or includes, the same claims at issue in the present case.  See Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice.  But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.").